## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF MISSISSIPPI
## DELTA DIVISION

EDWARD HOUSE,                                                                    MOVANT

v.                                                                        NO.  2:10CR48-SA

UNITED STATES OF AMERICA,                                                  RESPONDENT


## MEMORANDUM OPINION AND ORDER

This matter comes before the Court on the pro se motion of federal prisoner, Edward

House, Movant in this action, to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. §

2255.  The Government has submitted a response to the motion, and House has replied thereto.

Having considered the parties' submissions, the record, the applicable law, and the testimony

offered at the evidentiary hearing held in this case, the Court finds the motion should be denied,

for the reasons that follow.

### Facts and Procedural Posture

House was indicted on March 25, 2010, in a one-count indictment for conspiracy to

distribute in excess of five kilograms of cocaine in violation of 21 U.S.C. § 846, which carries a

statutory range of imprisonment of not less than ten years and not more than life.  With the

assistance of counsel, House entered into a written plea agreement that expressly waived all

appeal rights in the case, except for claims of ineffective assistance of counsel and prosecutorial

misconduct, in the event that a motion for downward departure pursuant to § 5K1.1 of the United

States Sentencing Guidelines ("Guidelines" or "U.S.S.G.") was filed and granted.  (*See*

Presentence Investigation Report ("PSR") ¶ 3).  On August 10, 2010, House pleaded guilty to the

charge of conspiracy to distribute cocaine.

At his sentencing on January 31, 2011, House did not object to the findings of the PSR, which was adopted without change by the Court. (*See* Sentencing Tr. at 6-7). House was designated a career offender with a criminal history category VI and a total offense level of 34. (*See* PSR ¶ 27, ¶ 36, ¶ 38; Sentencing Tr. at 7). Based upon his total offense level and his criminal history category, House's sentencing guideline range was 262 to 327 months' imprisonment. (Sentencing Tr. at 7). The Court departed below the advisory guideline range at sentencing, however, after it granted the Government's § 5K1.1 motion for a downward departure. (*See* Sentencing Tr. at 7-8). House was sentenced to 192 months' imprisonment. (*Id.* at 8). The Court reviewed House's appellate waiver with him at sentencing, and he stated his understanding of the sentence that was imposed. (*See id.* at 9-10). Judgment was entered on February 7, 2011. (*See* doc. no. 180).

On or about December 20, 2011, House filed the instant motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255, asserting the following two claims of ineffective assistance of counsel: (1) that House requested that his counsel file a notice of appeal three days after his sentencing hearing, but that counsel failed to file an appeal; and (2) that counsel failed to challenge House's status as a career offender under U.S.S.G. §4B1.1. Thereafter, the Court entered an order requiring the Government to respond to House's motion, and the Government's response was filed on July 24, 2013. Attached as an exhibit to the response is an affidavit by House's counsel, LeRoy Percy ("Percy"), who states that "[a]t no time did Edward House or anyone else ask me to file a notice of appeal on House's behalf[.]" (Response, Ex. F, Aff. of LeRoy Percy). The Court subsequently entered an order requiring House to "submit an affidavit setting forth his recollection of his conversation(s) with Mr. Percy about an appeal in this

2

case[.]" (ECF no. 328). In response to the Court's order, House submitted a signed statement stating that he could not recall ever having his appellate rights explained to him, and that he would have requested that his attorney file an appeal on his behalf if he had known the importance of making such a request. (ECF no. 331). The Court subsequently entered an order setting an evidentiary hearing.

On February 13, 2014, the Court held an evidentiary hearing for the purpose of determining whether House's attorney ever discussed an appeal with House and/or whether House ever instructed his attorney to file an appeal. Both House and Percy testified at the hearing. After judging the credibility of the witness testimony and hearing the arguments of counsel, the Court made an on-the-record finding that House never expressly requested that Percy file an appeal. The Court also determined that Percy did not fail any constitutional duty to consult with House about an appeal under the circumstances of this case. The Court now reduces that finding to a written order and considers House's remaining claim of ineffective assistance of counsel.

**Legal Standard**

After a defendant has been convicted and exhausted his appeal rights, a court may presume that "he stands fairly and finally convicted." *United States v. Frady*, 456 U.S. 152, 164 (1982). A motion brought pursuant to § 2255 is a "means of collateral attack on a federal sentence." *Cox v. Warden, Federal Detention Ctr.*, 911 F.2d 1111, 1113 (5th Cir. 1990) (citation omitted). There are four separate grounds upon which a federal prisoner may move to vacate, set aside, or correct a sentence under § 2255: (1) the sentence was imposed in violation of the Constitution or laws of the United States; (2) the court was without jurisdiction to impose the

sentence; (3) the sentence exceeds the statutory maximum sentence; or (4) the sentence is

"otherwise subject to collateral attack." 28 U.S.C. § 2255. Collateral attack limits a defendant's

allegations to those of "constitutional or jurisdictional magnitude." *United States v. Samuels*, 59

F.3d 526, 528 (5th Cir. 1995) (citation omitted). Relief under § 2255 is reserved, therefore, for

violations of "constitutional rights and for that narrow compass of other injury that could not

have been raised on direct appeal and, would, if condoned, result in a complete miscarriage of

justice." *United States v. Capua*, 656 F.2d 1033, 1037 (5th Cir. 1981).

## Discussion

House's allegations in the instant motion are that his counsel was ineffective. The Sixth

Amendment guarantees a criminal defendant the right to the "reasonably effective" assistance of

counsel. *Strickland v. Washington*, 466 U.S. 668, 687-88 (1984). Whether counsel has rendered

constitutionally acceptable assistance requires consideration of whether trial counsel's

performance was so deficient that it cannot be said that he was functioning as "counsel" within

the meaning of the Sixth Amendment, and whether the deficient performance actually prejudiced

the defense. *See id.* at 687; s*ee also Boyle v. Johnson*, 93 F.3d 180, 187 (5th Cir. 1996) (holding

that ineffective assistance of counsel claims are analyzed under the *Strickland* framework).

Actual prejudice results from the errors of counsel when there exists a reasonable probability

that, but for the errors, the result of the proceeding would have been different. *Id.* at 694. The

failure to prove either deficient performance by counsel or actual prejudice as a result of

counsel's actions or omissions defeats a claim of ineffective assistance*. Id.* at 697.

**1. Appeal**

The Supreme Court has held that an attorney renders ineffective assistance if he disregards a client's specific instruction to appeal from a conviction or sentence or, in certain situations, when he fails to consult with his client about an appeal. *Roe v Flores-Ortega*, 528 U.S. 470, 477, 480 (2000) (citations omitted). If counsel has consulted with the defendant, he renders ineffective assistance only when he fails "to follow the defendant's express instructions with respect to an appeal." *Id*. at 478. If counsel has failed to consult with the defendant about the possibility of an appeal, then the reviewing court must determine whether the failure breached the duty to consult. *See United States v. Cong Van Pham*, 722 F.3d 320, 324 (5th Cir. 2013). Counsel performs deficiently in failing to discuss the advantages and disadvantages of an appeal with a client whenever "there is reason to think either (1) that a rational defendant would want to appeal (for example, because there are nonfrivolous grounds for appeal), or (2) that this particular defendant reasonably demonstrated to counsel that he was interested in appealing." *Roe,* 528 U.S. at 480. In assessing the existence of a duty to consult, a court is to consider "all relevant factors in a given case." *Id*.

In order to show prejudice as a result of counsel's performance, a defendant must demonstrate "a reasonable probability that, but for counsel's deficient failure to consult with him about an appeal, he would have timely appealed." *Id*. at 484. This is true even where the defendant "has waived his right to direct appeal and collateral review." *United States v. Tapp*, 491 F.3d 263, 265-66 (5th Cir. 2007).

In his § 2255 motion and initially at the evidentiary hearing held in this matter, House claimed that his attorney failed to file a notice of appeal when asked to do so three days after

House's sentencing. When House was confronted with the sworn declaration he submitted in connection with these proceedings in which he indicated that he never had a conversation with his attorney about an appeal, he was unable to provide a clear explanation for his statement. He ultimately told the Court that he could not specifically remember whether he spoke to his attorney about an appeal.

LeRoy Percy also testified at the hearing. He stated that he discussed appeal and waiver issues with House before the plea agreement in this case was signed, and he maintained that House never asked him to file an appeal. Percy also agreed that 192 month sentence House ultimately received was substantially below the low-end Guideline range that would have been applicable absent the grant of the § 5K1.1 motion.

Based upon House's conflicting affidavits and his inability to recall specific conversations with his attorney, combined with Percy's affidavit and testimony that House never requested that an appeal be filed, the Court determines that House gave no instructions to counsel to file an appeal. The Court also finds Percy's testimony credible that he did discuss appeal and waiver issues with House prior to the plea agreement being signed in this case. The Court also notes that it recited the waiver provisions during House's sentencing proceedings, and House stated his understanding of the sentence that was imposed. (*See, e.g.*, Sentencing Tr. at 9-10).

The Court otherwise determines that, even if House's counsel did fail to discuss the advantages and disadvantages of an appeal with House after sentencing, such a failure did not breach a constitutionally imposed duty to consult. In this case, House expressly waived most of his appeal rights, and he pleaded guilty and received a sentence substantially below the low-end

Guideline range.  There is nothing in the record before the Court that would indicate that

House's counsel would have had reason to think that House would want to appeal under these

circumstances.  *See Roe*, 528 U.S. at 480.  No relief is warranted on this claim.

 **2.  Career Offender Status**

House also claims that counsel performed ineffectively in failing to challenge his status

as a career offender, as he claims that he did not have the required two prior felony convictions

necessary to attain career offense status under Guideline § 4B1.1.  Specifically, he maintains that

his 1993 conviction for burglary of a dwelling was too old to be utilized for a career offender

designation and should not have been included in the calculation.

Guideline § 4B1.1(a)  provides that a defendant is a career offender if (1) he was at least

18 years old at the time of the instant offense; (2) the instant offense is a felony that is a either a

crime of violence or a controlled substance offense; and (3) the defendant had at least two prior

felony convictions of either a crime of violence or a controlled substance offense.  The

requirement that a defendant sustain "two prior felony convictions" before career offender status

may be imposed means a prior federal or state felony conviction for an offense that was

committed at age 18 or older.  *See* U.S.S.G. § 4B1.1 and §4B1.2 (Application Note No. 1).  To

be counted for career offender purposes, the defendant must have been incarcerated on the prior

convictions within fifteen years of the present offense.  U.S.S.G. § 4A1.2(e).  Periods of

revocation of probation, parole, and supervised release affect the counting of certain sentences,

and the last release date from incarceration on the sentence is used to determine if the period of

incarceration occurred during the relevant fifteen-year period.  *See* U.S.S.G. § 4A1.2(k).

House's relevant criminal history includes a 1993 conviction for burglary of an inhabited

dwelling and a 2004 conviction for the sale of cocaine.  On March 11, 1993, House was

convicted of burglary of an inhabited dwelling in Tallahatchie County, Mississippi.  (PSR ¶ 41).

He was sentenced to a term of fifteen (15) years in the custody of the Mississippi Department of

Corrections.  (*See* Response, Ex. B).   He was released on supervised probation on January 11,

1994, and was arrested on a probation violation on September 24, 1997.  The Circuit Court of

Tallahatchie County ordered his probation revoked and ordered him to serve out the seven-year

term that had been previously suspended.  (*See id.*, Ex. C).   He was released from custody on

October 19, 2000, with no supervision to follow.  (PSR ¶ 41).

On July 30, 2003, House was indicted for the sale of cocaine in Cause No. 2003-54-LT1

in the Circuit Court of Tallahatchie County, Mississippi.  (*See id.*, Ex. D).  He was convicted on

February 27, 2004.  (Plea Tr. 4; Response, Ex. E; PSR ¶ 43).  He was released from custody on

earned release supervision on June 7, 2006.  (PSR ¶ 43).  On September 19, 2006, House was

discharged from earned release supervision with five years reporting and seven years non-

reporting supervision to follow.  (*See id.*).

The Court notes that House was born in 1970.  (*See* PSR ¶ 57).  Therefore, he was over

the age of 18 at the time of his 1993 and his 2004 convictions, such that they qualify as adult

convictions under the statute.  *See* U.S.S.G. § 4B1.2.  Moreover, the Court finds that House was

released from custody in Cause No. CR92-44-BT1 on October 19, 2000, after serving three years

in prison following a probation revocation in that case.  (*See* PSR ¶ 41).  Therefore, he was

incarcerated for burglary of an inhabited dwelling within fifteen (15) years of the instant

offense.[1]        House also maintains that his burglary of inhabited dwelling conviction should

not be used in determining his career offender status, as he never entered "the home of an

inhabited dwelling."  Burglary of a dwelling is a crime of violence according to the Guidelines.

*See* U.S.S.G. § 4B1.2(a)(2).  The Fifth Circuit utilizes a "categorical approach" in determining

whether a defendant's crime was one of violence, which requires the Court to consider only the

statutory elements of the prior conviction.  *United States v. Murillo-Lopez*, 444 F.3d 337, 342-44

(5th Cir. 2006) (citing *Taylor v. United States*, 495 U.S. 575, 599-600 (1990)).  Under this

approach, a sentencing court first determines whether the state statute criminalizes only that

conduct that constitutes a crime of violence under U.S.S.G. § 4B1.2(a)(2) by comparing the

scope of the statute with the common, contemporary, and ordinary meaning of the enumerated

crime of violence.  *Murillo-Lopez*, 444 F.3d at 341, 344.  If the statute criminalizes only that

conduct falling under the contemporary meaning of the enumerated "crime of violence," a

conviction under that statute is categorically a crime of violence.  *Id*. at 342.  If the state statute

provides for a crime being committed in several different ways, some of which do not meet the

Guideline definition for a "crime of violence," the Supreme Court has held that a modified

categorical approach could be used, allowing the court to examine particular documents,

including the charging papers, to determine whether the prior conviction was based on conduct

that was actually a crime of violence.  *Taylor*, 495 U.S. at 599-600.

The Supreme Court has noted that "the generic, contemporary meaning of burglary

contains at least the following elements:  an unlawful or unprivileged entry into, or remaining in,

---

[1]  Although House does not dispute the issue, the Court notes that his 2004 conviction for
the sale of cocaine qualifies as an adult felony controlled substance offense that occurred within
fifteen years of the instant offense.

a building or other structure, with the intent to commit a crime." *Taylor*, 495 U.S. at 598. House

was convicted of burglary of an inhabited dwelling in violation of Miss. Code Ann. § 97-17-21.

The indictment charged that he did:

> burglariously break and enter the dwelling house of Edna Ruth Smith; and in said
> dwelling house there was then and there present at the time of such breaking and
> entering, Martha Jean Booker, a human being, and such breaking and entering
> was done with the wilful, unlawful[,] and felonious intent of the said Edward B.
> House Jr., to commit the crime of assault once inside said dwelling house[.]

(Response, Ex. A). At the time of House's conviction, Miss. Code Ann. § 97-17-21 read:

> Every person who shall be convicted of breaking and entering, in the day or night,
> the dwelling house of another, in which there shall be, at the time, some human
> being, with intent to commit some crime therein, either by forcibly bursting or
> breaking the wall, or an outer door, . . . or the lock or bolt of such door, . . . or by
> breaking in any other manner, . . . shall be guilty of burglary[.]

Miss. Code Ann. § 97-17-21 (1972).[2] The only conduct criminalized by the statute under which

House was convicted is burglary of a dwelling, and the Court finds that House's conviction is

categorically a crime of violence. *See, e.g., Taylor*, 495 U.S. at 602.

House met the requirements for career offender status as laid out by U.S.S.G. § 4B1.2.

Because House has not demonstrated that there is any merit to his claims, he has not

demonstrated counsel performed deficiently in failing to challenge his career offender status, nor

has he demonstrated any resulting prejudice.

### Certificate of Appealability

House must obtain a certificate of appealability ("COA") before appealing this Court's

decision denying his § 2255 motion. 28 U.S.C. § 2253(c)(1)(B). Although House has not filed a

---

[2] In 1996, the Mississippi legislature repealed three statutes that criminalized burglary of
a dwelling, including § 97-17-21, and combined them into what is now Miss. Code Ann. § 97-
17-23. *See, e.g., Sandefer v. State*, 952 So.2d 281, 300 (Miss.App. 2007).

notice of appeal, this Court must "issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Rule 11 of the Rules Governing Section 2255 Proceedings for the United States District Courts. A COA will issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). House has not made such a showing, and a COA will not issue.

### Conclusion

House is not entitled to relief under 28 U.S.C. § 2255, and his motion (doc. entry no. 296) is **DENIED** and **DISMISSED WITH PREJUDICE**. A certificate of appealability from this decision is **DENIED**. The Court will enter final judgment by separate order.

**SO ORDERED**, **THIS** the 27th day of February, 2014.

 **/s/ Sharion Aycock**
**U.S. DISTRICT JUDGE**